Lyndon H. LaROUCHE, Jr., Billy M. Davis, Elliot Greenspan, James Cleary, and Bruce Director, Plaintiffs,

v.

Jane BURGIO, New Jersey Secretary of State, et al., Defendants.

Civ. A. No. 84–3748.

United States District Court, D. New Jersey.

Oct. 1, 1984.

Joel J. Reinfeld, Hackensack, N.J. and Miller, Canfield, Paddock & Stone by James F. Schoener, Washington, D.C., for plaintiffs.

Irwin I. Kimmelman, Atty. Gen., State of N.J. by Donna Kelly-Boccher, Deputy Atty. Gen., Trenton, N.J., for defendants.

## OPINION

DEBEVOISE, District Judge.

On September 12th, 1984, plaintiffs instituted an action challenging the refusal of the New Jersey Secretary of State to accept the nominating petitions of plaintiffs

Lyndon LaRouche and Billy M. Davis as independent candidates for, respectively, President and Vice President of the United States. Additional plaintiffs are Elliott Greenspan and James Cleary, registered voters of New Jersey who wish to vote for these candidates, and Bruce Director, a Texas registered voter who intends to vote for these candidates in November.

Jurisdiction is asserted under 28 U.S.C. Sections 1331 and 1343(3) and (4). A cause of action is asserted under 42 U.S.C. Section 1983 and under the First and Fourteenth amendments of the United States Constitution.

The original defendant was Jane Burgio, Secretary of State of New Jersey. After the hearing on denial of a Temporary Restraining Order the various County Clerks and Superintendents of Elections were named as additional defendants.

A hearing on plaintiffs' application for a preliminary injunction has been held.

### The Facts

On June 5th, 1984, the Democratic primary election was held in New Jersey. Plaintiff LaRouche was one of the candidates listed for the office of President of the United States. In July, 1984 the Democratic Party held its National Convention at which its candidates for President and Vice President were nominated. In early August the Republican Party held its National Convention at which its candidates for President and Vice President were selected.

According to the complaint, LaRouche and Davis will be on the ballots in 19 states and are making efforts to qualify elsewhere. An exhibit referred to in the complaint did not accompany it. Therefore, it cannot be ascertained when these plaintiffs took steps to get on the various state ballots.

James F. Schoener, Esquire, plaintiffs' counsel, wrote to the New Jersey Secretary of State asking that LaRouche's name be placed on the New Jersey ballot as an independent candidate for President. The letter is undated but it appears to have been written in early September. In a September 6, 1984, letter the Secretary of State refused to list the name because New Jersey statutes required that independent candidates for statewide office file nominating petitions no later than 40 days prior to the primary election, in this case April 26, 1984.

On September 6, 1984, LaRouche's National Ballot Access Coordinator, Mary Jane Freeman, asked a representative of the Secretary of State how to go about obtaining a petition to enable LaRouche to appear on the ballot. She was told that even if she acquired the necessary number of qualifying signatures the name could not be listed on the ballot because the petition would be out of time.

This suit followed. Title 19 of the New Jersey Statutes govern the conduct of general and primary elections. The provisions pertinent to this case are the following:

Nominating petition for election of independent candidates for President and Vice President of the United States must be filed with the Secretary of State. N.J.S.A. 19:13–3 and 4. The petitions must be signed by at least 800 voters who have not signed other nominating petitions for those offices. N.J.S.A. 19:13–4 and 5.

The deadline for filing of the petitions is 40 days prior to the primary election for the General Election N.J.S.A. 19:13–9. This year the filing deadline was April 26 and the primary was held on June 5, 1984.

Not more than 86 days before the General Election the Secretary of State must certify to the 21 County Clerks the names of all the candidates nominated by direct petition, N.J.S.A. 19:13–22. That deadline date this year was August 13th, 1984. The Secretary of State, in fact, certified on July 31, 1984 and forwarded to the County Clerks the names of seven independent presidential and vice presidential candidates whose electors had timely filed nominating petitions.

Eighty-six days before the General Election the County Clerks are required to conduct a drawing to determine the ballot posi-

tions of the Democratic, Republican and Independent candidates. N.J.S.A. 19:14–12. Thereafter it becomes the responsibility of the County Clerks to arrange for the adjustment of voting machines, the printing and distribution of sample ballots, the printing of absentee ballots, and the printing of federal overseas ballots under N.J.S.A. 19:59–1 through 13.

The drawing for positions on the ballots this year was held on August 13th, 1984. After the drawing and the other details are taken care of there follows the General Election which this year will take place on November 6th, 1984.

Acting pursuant to these various statutory duties, the various County Clerks have held the drawings for ballot positions and have arranged their ballots and voting machines consistently with the drawings. Seventeen counties use voting machines which are of two kinds, ABM or Shoup types. Four counties use electronic punch card ballots. Various counties are in different stages of preparing the ballots and voting machines. Only the federal overseas ballots are in some cases prepared beyond recall. As to the others, some have not yet gone to the printer. Some are in first proof. Some have been reviewed and are at the printers in final form. It would require various amounts of effort and expense to add the names of LaRouche and Davis to the ballots, but it could be physically accomplished in time for the November 6th election.

More difficult, however, is the effect of adding the new names on the general layouts of the ballots. In some cases little difference would result from adding the names at the bottom or end of an existing list of names of independent candidates. In other cases substantial reorganization of ballots would be required.

Further, LaRouche and Davis did not participate in the drawing process in which all of the other candidates participated and their position at this date would have to be determined by the Clerk on whatever basis he or she deemed appropriate.

It is the common practice of candidates to ascertain their position on the ballot and to prepare campaign literature directing voters' attention to their position. County Clerks have received inquiry from candidates as to their positions for the November 6th election and it seems reasonable to conclude that campaign literature has been or is being prepared on the basis of this information by some candidates.

### Conclusions of Law

■ The Court has federal question jurisdiction.

The merits of the case are governed by *Anderson v. Celebrezze*, 460 U.S. 780, 103 S.Ct. 1564, 75 L.Ed.2d 547 (1983.) There the Supreme Court held unconstitutional an Ohio statute which required an independent presidential candidate to file a nominating petition on or before March 20, 1980, when a General Election would be held in November. The Court required acceptance of a petition tendered on May 16. The Court reasoned that the statute had the impermissible effect of impeding the voters' choice of presidential and vice-presidential candidates. Such early filing requirements prevented voters from nominating candidates in light of changes in domestic and international developments; it prevented voters from acting after the major parties had selected their presidential candidates; early filing was not necessary to allow petitioners' signatures to be counted and verified or to permit General Election ballots to be printed.

■ I conclude under the rationale of *Anderson v. Celebrezze* supra, that New Jersey statute setting a deadline for filing petitions for independent candidates for President and Vice President of the United States is unconstitutional for all the reasons set forth in that case.

■ However, I also conclude that plaintiffs in the present case have not shown a likelihood of success on the merits, as I believe they have delayed unconscionably their application to be placed on the ballot. *Anderson v. Celebrezze* was decided in

1983 so that LaRouche and Davis were well aware of any rights they may have had.

■ The 86-day certification provision, the time for drawing ballot positions, the time for printing ballots are eminently reasonable regulations ensuring fairness among the candidates, notice to the public and administrative ease in conducting the elections. Plaintiffs either did or should have known of these provisions. Yet, plaintiffs waited until September even to make inquiry of the Secretary of State several weeks after the certification of candidates and the drawing for ballot positions of all candidates. Then and even now plaintiffs have not commenced collecting signatures for their petition. There is no excuse for this delay and to grant the relief plaintiffs request would obstruct the voting process as to other candidates, all of whom have participated in the August drawing procedure and some of whom have begun preparing literature on the basis of the structure of the ballot.

If it were not for plaintiffs' own dilatoriness, the additional expenditures of public time and money required to redo the ballots would not be controlling. However, in view of plaintiffs' dilatoriness these are factors to consider.

In short, plaintiffs in my opinion will not ultimately prevail on the merits upon the application of the equitable doctrine of laches. Having thus failed to establish one of the prerequisites of injunctive relief their application for preliminary injunction will be denied.